IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED IN OPEN COURT
MAR 2 1 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:16CR 28 |
| JOHN A. COULTER, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant, JOHN A. COULTER, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in or around February 2013 through April 2014, the defendant, JOHN A. COULTER, was an active duty member of the United States Navy, assigned to Explosive Ordnance Disposal Training and Evaluation Unit TWO (UNIT TWO) at Join Expeditionary Base Little Creek-Fort Story in Virginia Beach, Virginia. UNIT TWO's mission includes building explosive training devices and conducting training exercises with those devices.

2. While assigned to UNIT TWO in Virginia Beach, Virginia, the defendant became acquainted with T.W., a civilian employed by UNIT TWO. While employed at UNIT TWO, T.W. would requisition government property from Defense Logistics Agency (DLA), located in Portsmouth, Virginia along with equipment and materials through Open Purchase requests for UNIT TWO's use. DLA facilitates reutilization of government property by receiving used and excess Department of Defense equipment and providing it to Department of Defense agencies at their request.

3. In or around March 2013, the defendant's co-conspirator, T.W., submitted a number of orders for government property from DLA, including one order with a requisition identification number, to wit: N435053072X084.

4. From March 14, 2013 through March 29, 2013, the defendant, JOHN A. COULTER, exchanged emails with an employee at DLA, in order to arrange retrieval of one or more items the defendant's co-conspirator had previously requested.

5. On or about April 4, 2013, the defendant, JOHN A. COULTER, retrieved numerous items from DLA, including one milling machine with a requisition identification number, to wit: N435053072X084, a stock number, to wit: 3417014870857. DLA documents listed the milling machine, stock number, to wit: 3417014870857, as having a value of $1,000.00.

6. On or about March 8, 2014, the defendant, JOHN A. COULTER, sent his co-conspirator, T.W., a list of metal shop items and stated, "I have...included enough for some to be 'lost.'" The list of metal shop items included two anvils. The list valued each anvil at $1346.00. The list included various other items, including hammers and tongs, valued between $40.00 and $125.00. The defendant, JOHN A. COULTER, never received these items, but intended to remove one of the anvils and one of the hammers from the command and to keep said items for his own personal use once they arrived at the command.

7. At a time subsequent to April 4, 2013 and prior to April 4, 2014 the defendant, JOHN A. COULTER, disassembled the milling machine previously acquired from DLA with a requisition identification number, to wit: N435053072X084, a stock number, to wit: 3417014870857 and removed one Bridgeport milling machine motor and gear unit, serial number J258481, from UNIT TWO, for his own personal use, and disposed of the remaining milling machine parts in the command's scrap metal recycling container for disposal, being that he had been previously directed to dispose of nonfunctional equipment.

8. On or about April 3, 2014, the defendant, JOHN A. COULTER, prepared an application for shipment and/or storage of personal property in anticipation of a move from Virginia Beach, Virginia to Port Orchard, Washington.

9. In or about April 2014, the defendant, JOHN A. COULTER, included one Bridgeport milling machine motor and gear unit, serial number J258481, in a change of station move, in which his personal property was moved from Virginia Beach, Virginia to Port Orchard, Washington, at government expense.

10. On April 22, 2015, the defendant, JOHN A. COULTER, possessed the Bridgeport milling machine motor and gear unit, serial number J258481, which he had wrongfully taken from Explosive Ordnance Disposal Training and Evaluation Unit TWO (UNIT TWO) at Joint Expeditionary Base Little Creek-Fort Story in Virginia Beach, Virginia at his home Port Orchard, Washington.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Dana J. Boente
United States
Attorney

By: */s/ Alyssa K. Nichol*
Alyssa K. Nichol
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JOHN A. COULTER, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*/s/ John A. Coulter — 23 FEB 2016*
JOHN A. COULTER

I am Greg McCormack, the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*/s/ — 23 Feb 2016*
Greg McCormack, Esquire
Attorney for JOHN A. COULTER