UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr28 |
| | ) | |
| JOHN A. COULTER, | ) | Sentencing Date: July 6, 2016 |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, through the undersigned attorneys, respectfully submits this Position on Sentencing in this case. The United States concurs with the findings of the Presentence Investigation Report (PSR), and it further concurs that the Defendant's applicable Total Offense Level is 6 and he has a Criminal History Category of I. Therefore, his advisory Sentencing Guidelines Range is 0-6 months. The government respectfully recommends that the Court impose a sentence of 6 months of imprisonment and 18 months of supervised release.

**I.     INTRODUCTION**

The defendant, JOHN A. COULTER, a decorated senior enlisted member of the United States Navy, used the authority of his position to requisition government property from Defense Logistics Agency (DLA), purportedly for his command, but in reality for himself. This defendant conspired with a civilian employee at the command and took careful steps to requisition property for his personal use.

Throughout 2013 and the spring of 2014, the defendant was stationed at Explosive Ordnance Disposal Unit TWO (UNIT TWO) at Joint Expeditionary Base Little Creek-Fort Story in Virginia Beach, Virginia. Timothy WILSEY, a former member of the United States Navy, was employed at the command as a civilian. The defendant and WILSEY developed a

1

friendship. As part of his employment within UNIT TWO, Wilsey built explosive device training aids, at times out of unconventional materials. Wilsey created an account that enabled him to requisition used military items from DLA on the command's behalf. He used the defendant as his approving supervisor when he created his account, despite the fact that the defendant was not his supervisor at the command. WILSEY later submitted a letter authorizing the defendant to retrieve items on his behalf. The defendant and Wilsey began to routinely retrieve items from DLA with little command oversight.

In June of 2014, agents with the Naval Criminal Investigative Service (NCIS), Virginia State Police Bomb Squad, and Bureau of Alcohol, Tobacco, Firearms, and Explosives responded to a suspected unattended improvised explosive device at Wilsey's Chesapeake, Virginia residence. The device proved to be inert, but subsequent investigation revealed government property at Wilsey's Suffolk, Virginia residence. The discovery of the government property prompted an investigation into Wilsey's activities at UNIT TWO. Investigators determined that from the time that Wilsey created an account, using the defendant as his approving supervisor, to the time that the government property was discovered at his home, Wilsey submitted 110 orders to DLA for the requisition of more than 3,000 individual items with an aggregate value of $877,098.66. The government agrees that most of those items were requisitioned for command use. However, members of the command, including the executive officer, reviewed the list of items requisitioned and stated that many items requisitioned had never been present at the command and, in fact, many of the items would not have been needed by the command.

Subsequent investigation revealed that the defendant and WILSEY had conspired to requisition items from DLA for their personal use. A review of their Navy Marine Corps Intranet emails revealed communications between the two and DLA employees, in which the

defendant orchestrated requisitions from DLA and made statements to WILSEY indicating that the requisitions included property for their personal use.  *See*, Government Exhibit 1.  On March 29, 2013, the defendant emailed WILSEY with regard to the requisition of DLA property and advised him to, "Remember the tree of trust!"  February 21, 2014, the defendant sent WILSEY a list of items requisition and told him that "the numbers are already padded for what I want."  On March 8, 2014, the defendant sent WILSEY a list of items for requisition and added that he had "included enough for some to be 'lost.'"

Unfortunately, due to a lack of accountability at the military command, it is unclear which items the defendant actually retrieved from DLA and which of those items were for command vice personal gain.  It is clear, however, that the defendant and WILSEY engaged in a conspiracy to requisition items for their personal use under the auspices of their military command.  The defendant was later found in possession of a Bridgeport Milling Machine motor and gear unit, J258481, which came from a machine that the defendant and WILSEY had requisitioned from DLA on behalf of their command.

## II.     PROCEDURAL HISTORY

On February 25, 2016, the United States Attorney's Office for the Eastern District of Virginia filed a one count criminal information, charging the Defendant with conspiracy to steal government property in violation of 18 U.S.C. § 371.  On March 26, 2016, the Defendant pleaded guilty to the charged offense and admitted that he conspired with WILSEY to requisition government property, purporting to act on behalf of their command, but in reality for their personal use.

### III. ARGUMENT

#### A. Loss Amount

Per the Probation Office's Presentence Investigation Report, the defendant has been attributed with a loss amount of $2,467.

#### B. A Sentence of 6 Months of Imprisonment is Appropriate, Considering the Advisory Nature of the Guidelines and the 18 U.S.C. § 3553(a) Factors.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264; *see also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker,* 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment

for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

*1. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote the Respect for Law, and to Provide Just Punishment for the Offense (Section 3553(a)(2)(A))*

A sentence of 6 months of imprisonment is necessary to reflect the seriousness of the Defendant's crimes, to provide just punishment for that crime and to promote respect for the law. The defendant has pleaded guilty to conspiracy to steal government property. The crime of conviction is not the theft itself, although the defendant was found in possession of government property, but rather the conspiracy. The defendant was a trusted senior enlisted member of a military command. Instead of acting in a manner in keeping with the leadership position he held, he surreptitiously agreed with a member of his command to use their authority to requisition property for personal gain. By using his public position for personal gain, he corrupted the immense trust and respect that his position as a senior military member carries. In conspiring to steal government property, he intended to waste precious tax-payer dollars strictly for his own benefit.

2. *Need to Afford Adequate Deterrence and Protect Public from Further Crimes (Section 3553(a)(2)(B)-(C))*

Imposing a sentence of 6 months of imprisonment for the Defendant would serve the important purpose of deterring future individuals within the district and beyond from engaging in similar misconduct. General deterrence has its greatest impact in white-collar cases, like this one, because these crimes are committed in a more rational and calculated manner than sudden crimes of passion or opportunity. *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)). A sentence of 6 months of imprisonment in this case will send a message to both military members and civilians in positions of public authority that they are expected to act in a manner in accordance with the trust that has been bestowed upon them, and that there are real consequences for betraying that trust.

3. *Avoiding Unwarranted Sentence Disparities (Section 3553(a)(6))*

This defendant is the first defendant to be sentenced in this case. The facts of every case are distinct, but a sentence of 6 months in this case is appropriate, considering sentences imposed on other defendants for similar crimes. *See, United States v. Graham,* 2:15cr70, and *United States v. Smith*, 2:16cr15 (defendants sentenced to probation and 30 days of imprisonment, respectively, for stealing government property; neither defendant was in a leadership position analogous to that of the defendant) and *United States v. Menard*, 2:16cr4 (defendant, who had a lengthy criminal history, was sentenced to 15 months of imprisonment for conspiracy to steal government property).

*4. Need to Provide Restitution (Section 3553(a)(7))*

Restitution is mandatory in this case. The Defendant is required to enter a Restitution Judgment to EOD Training and Evaluation Unit Two, Joint Expeditionary Base Little Creek-Fort Story, 821 Blaster's Cove, Virginia Beach, Virginia 23459, in the amount of $1,000.

*5. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (Section 3553(a)(1))*

It is undeniable that the defendant has served his country for many years, at times in dire circumstances. As the defense has noted in their position paper, the defendant's current command recently held an Administrative Separation Board to determine whether the defendant would be able to retire, at what rank, and under what characterization of discharge. The board recommended that the defendant be separated with a General Discharge (Under Honorable Conditions) and that he retire at the rank of E-7, one pay grade lower than the one in which he would have retired had he not committed misconduct. The defendant is not facing any charges at a court-martial. The defendant can expect to receive retirement, medical, and other benefits from the government as a result of the totality of his military service.

However, the question before the Court today is not whether the defendant served honorably for the majority of his time in the U.S. Navy. The Court is faced with determining a sentence that is sufficient but not greater than necessary given that, after reaching a leadership position within the U.S. Navy, the defendant engaged in a conspiracy to use his position of authority to steal government property. This defendant held an awesome trust and respect reserved for operators within the U.S. military who have served their country honorably. He betrayed that trust and sullied that respect. We respectfully request that the Court impose a serious sentence of imprisonment in this case in order to deter other defendant with similar personal history and characteristics from betraying the public trust in the future.

7

**IV.  CONCLUSION**

Based on the foregoing, the United States requests that this Court impose a term of imprisonment of 6 months of imprisonment and 18 months of supervised release.

                    Respectfully submitted,

                    DANA BOENTE
                    UNITED STATES ATTORNEY

By:         /s/
                    Alyssa K. Nichol
                    Special Assistant United States Attorney
                    Attorney for the United States
                    United States Attorney's Office
                    101 West Main Street, Suite 8000
                    Norfolk, Virginia 23510
                    Telephone: (757) 441-3554
                    Facsimile: (757) 441-3205
                    E-mail: Alyssa.Nichol@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Greg D. McCormack, Esquire
Attorney for Defendant
611 Lynnhaven Parkway
Suite 100
Virginia Beach, Virginia 23452
(757) 463 7224

/s/
Alyssa K. Nichol
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-3554
Facsimile: (757) 441-3205
E-mail: Alyssa.Nichol@usdoj.gov